UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LISA D. ROBERTO<br>540 Wheatfield Drive<br>Aurora, OH 44202<br><br>      Plaintiff<br><br>-vs-<br><br>KENT STATE UNIVERSITY, for<br>      declaratory and injunctive relief<br>Kent OH 44242<br><br>OSCAR RAMOS, individual capacity,<br>      former Director of Academic<br>      Success Center<br>c/o Student Multicultural Center<br>206 Student Center<br>Kent State University<br>Kent OH 44242<br><br>NIKKI CRUTCHFIELD, individual<br>      capacity, former Assistant Dean of<br>      Undergraduate Studies at Kent State<br>      University<br>c/o Address Unknown<br><br>SAID SEWELL, individual capacity, former<br>      Dean of Undergraduate Studies of<br>      Kent State University<br>c/o Lincoln University<br>820 Chestnut Street<br>Jefferson City, MO 65101<br><br>EBONI PRINGLE, individual capacity,<br>      former Interim Dean and Dean of<br>      Undergraduate Studies<br>c/o Kent State University College<br>PO Box 5190<br>Kent, OH 44242-0001<br><br>      Defendants | CASE NO.  5:16-cv-1305<br><br>JUDGE<br><br><br><br>COMPLAINT<br><br>TYPE: False Claims Act Retaliation<br><br><br>WITH JURY DEMAND |

## INTRODUCTION

1. Plaintiff Lisa Roberto brings this action pursuant to 31 U.S.C. §3730(h), to obtain relief for retaliation by Defendants for her role in exposing the submission of false claims for payment by the United States Department of Education.

## PARTIES

2. Plaintiff Lisa D. Roberto is a resident of Portage County, Ohio.  Plaintiff Roberto was employed by Defendant Kent State University (KSU) from August 2008 through May 31, 2013, when her contract was non-renewed.

3. Defendant Kent State University (KSU) is an agency of the State of Ohio, located in Kent, Ohio, Portage County.  Defendant KSU is sued only for declaratory and injunctive relief.

4. Defendant Oscar Ramos was, at all relevant times, Director of the Student Support Services Academic Success Center at KSU.  He is sued in his individual capacity.

5. Defendant Nikki Crutchfield was, at all relevant times, Assistant Dean of Undergraduate Studies at KSU.  She is sued in her individual capacity.

6. Defendant Eboni Pringle was, at all relevant times, Interim Dean of Undergraduate Studies at KSU.  She is sued in her individual capacity.

7. Defendant Said Sewell was, at all relevant times, Dean of Undergraduate Studies at KSU.  He is sued in his individual capacity.

## JURISDICTION AND VENUE

8. This action arises under 31 U.S.C. §3730(h), the anti-retaliation provision of the False Claims Act.

9. Jurisdiction is conferred upon this Court by 31 U.S.C. §3732(a) (False Claims) and 28 U.S.C. §1331 (Federal Question).

10. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 31 U.S.C. §3732(a) and 28 U.S.C. §1391(b) and (c), because Defendant KSU is

located in Portage County, Ohio, and the events or omissions giving rise to this claim occurred in Portage County, Ohio.

## FACTS

11. Plaintiff Lisa Roberto was employed by Defendant KSU in the Academic Success Center of the College of Undergraduate Studies from August 17, 2008 until May 31, 2013, when her contract was non-renewed.

12. In the academic years 2011-12 and 2012-13, Roberto was employed as Student Support Services Reading/Writing Specialist and Developmental Reading Course Coordinator. This position was primarily funded by a U.S. Department of Education TRIO Student Support Services grant, and partly funded by the KSU College of Undergraduate Studies.

13. During her employment in 2011-2013, Roberto observed facts that caused her to believe that KSU was making false claims to the U.S. Department of Education (USDOE) for payment under the TRIO Student Support Services program, by seeking payment for her time and effort spent on non-grant activities, and possibly other inappropriate activities with respect to the TRIO Student Support Services funding. Roberto further believed that KSU, through the individual Defendants, intended to continue making such false claims.

14. In the academic years 2011-12 and 2012-13, Roberto was periodically asked by the KSU Grants Accounting Office to sign a prepared Effort Certification Report, to be submitted in support of applications for funding under the U.S. Department of Education TRIO grant.

15. By about the spring of 2012, Roberto realized that the prepared reports were inaccurate, because a disproportionate amount of her time was required for non-grant activities. Roberto worked to get the TRIO grant work and Undergraduate Studies work separated into two separate positions so that the hours would be consistent with the funding.

16.     At the beginning of Fall Semester 2012, Dean Sewell told Roberto that the TRIO grant work and the Undergraduate Studies Developmental Reading Coordinator work would not be separated, and that she must to continue the work for both positions, as before.

17.     Roberto continued to raise concerns that she was required to expend a disproportionate amount of her time and effort on work which was not permitted to be funded by the USDOE TRIO grant.

18.     As a result of Roberto's concerns, the KSU Office of Internal Audit performed a compliance review of the TRIO Student Support Services program.  The audit resulted in twelve Findings of non-compliance with U.S. Department of Education standards for the TRIO grant.  Two findings were rated at the "High" level of risk.  Both of the "High" risk findings were expressly based on the lack of grant accountability due to the disproportionate time and effort by Roberto on non-grant activities.

19.     As a result of the audit, and in an express effort to avoid further non-compliance with U.S. Department of Education grant funding standards, the KSU Academic Success Center realigned Roberto's responsibilities during the 2012-2013 academic year and made other program changes.

20.     Further, students sometimes came to Roberto with problems related to grant funding or grant-supported services, and she assisted them consistent with university protocols.  For example, when a student faced severe hardship due to a delay in release of grant funds, she brought that to the attention of the grant director, Defendant Ramos.  When students told Roberto they were unable to obtain a needed response from the director, Roberto followed university protocol by contacting the director's supervisor, Defendant Crutchfield, or referring the student to the student ombudsman.

21.     On May 27, 2013, Defendant Ramos met with Roberto for her annual Performance Evaluation.  In significant contrast to her evaluation the previous year, this

4

evaluation contained ratings of "Approaches Expectations" or "Unsatisfactory" in nearly all competencies.

22. Roberto submitted a written Rebuttal to the Performance Evaluation. In her rebuttal, Roberto expressed concern that Defendant Ramos used his position of authority to impact Roberto's job record in retaliation for her reporting of unethical conduct regarding the TRIO Student Support Services grant. Roberto pointed out that Ramos did not provide supporting evidence or examples for the ratings, although the instructions stated that such explanations are "required" when the evaluator selected a rating of either "approaches expectations" or "unsatisfactory". Roberto also provided specific information and examples, showing that she actually met and exceeded the competencies.

23. On May 31, 2013, Ramos told Roberto that her contract was non-renewed, and her employment was terminated immediately. As reason for non-renewal, Ramos merely told her, "We have decided to go in a different direction and are not renewing your contract."

24. After termination of her contract, Ms. Roberto requested reference letters from her KSU supervisors, but the request was denied.

25. Roberto applied for her former position, but was not given an interview and was not hired.

26. Defendants Ramos, Crutchfield, Sewell and Pringle were aware of Plaintiff's lawful acts to expose and stop improper and false claims for funding under the USDOE TRIO/SSS grant.

27. Defendants Ramos, Crutchfield, Sewell and Pringle participated in adverse actions against Roberto, including but not limited to the adverse performance evaluation, non-renewal of her contract, denial of employment references, and refusal to interview or hire Roberto for the open position.

28. The adverse performance evaluation, non-renewal of Roberto's contract, denial of employment references, and refusal to interview or hire Roberto for the open position, and possibly other adverse actions, were imposed on Plaintiff because of Roberto's lawful acts to expose and stop false claims, in violation of the anti-retaliation provision of the False Claims Act, 31 U.S.C. §3730(h).

29. As a direct result of the unlawful retaliation of Defendants, Plaintiff has suffered substantial loss of compensation and benefits, approximately $150,000 to date; compensatory damages of $100,000, including out of pocket loss, mental anguish, humiliation, aggravation and inconvenience, and other damages to be proven at trial.

30. Plaintiff has incurred, and will continue to incur attorney fees and litigation expenses, which she is entitled to recover under 31 U.S.C. §3730(h)(2).

**WHEREFORE**, Plaintiff prays that the Court order judgment for Plaintiff on all claims, with all relief available under 31 U.S.C. §3730(h)(2), including:

a. Declare that employment of Plaintiff was unlawfully non-renewed in violation of the anti-retaliation provision of the False Claims Act, 31 U.S.C. §3730(h).

b. Order that Defendant Kent State University reinstate Plaintiff to the same or similar position that she would have if she had been continuously employed and renewed since May 31, 2013, with the same compensation and benefits and other terms and conditions of employment as if she were continuously employed under consecutive contract renewals, and with all back pay and benefits from June 1, 2013 to the date of reinstatement, and with interest from the date when such compensation would have been due if not for the unlawful retaliation;

c. Order that Defendants are jointly and severally liable for statutory damages of two times the amount of back pay, with prejudgment interest, as well as compensation for all special damages sustained as a result of the retaliation, including compensatory damages of $100,000;

      d.      Order that Defendants are jointly and severally liable for litigation costs and reasonable attorneys' fees.

      e.      All court costs to be paid by Defendants;

      f.      Such other relief as the Court deems just and equitable.

**JURY DEMAND:**    Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*s/ Nancy Grim*
NANCY GRIM (0014376)
Nancy Grim LLC
247 N. Water Street, Suite B
Kent, OH 44240
330-678-6595 / Fax 844-270-7608
nancy.grim@nancygrimlaw.net
Counsel for Plaintiff