UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Lisa D. Roberto, | ) | CASE NO: 5:16CV1305 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| Kent State University, et al., | ) | |
| | ) | (Resolving Docs. 9,11,14) |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a motion to dismiss filed by Defendants Kent State University, Oscar Ramos, Nikki Crutchfield, Said Sewell, and Eboni Pringle.  Doc. 9.  In addition, Plaintiff Lisa Roberto has filed a motion for leave to file a first amended complaint (Doc. 11) and a motion for leave to file a second amended complaint (Doc. 14).  The motion to dismiss is GRANTED.  The motions for leave to amend are DENIED as amendment would be futile.

**I. Legal Standard for Motion to Dismiss**

The Sixth Circuit stated the standard for reviewing a motion to dismiss in *Assn. of Cleveland Fire Fighters v. Cleveland*, 502 F.3d 545 (6th Cir. 2007) as follows:

> The Supreme Court has recently clarified the law with respect to what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Court stated that "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (citations and quotation marks omitted). Additionally, the Court emphasized that even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the

speculative level on the assumption that all the allegations in the complaint are true." *Id.* (internal citation and quotation marks omitted). In so holding, the Court disavowed the oft-quoted Rule 12(b)(6) standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) (recognizing "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"), characterizing that rule as one "best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Twombly*, 550 U.S. at 563.

*Id.* at 548. Instead, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

If an allegation is capable of more than one inference, this Court must construe it in the plaintiff's favor. *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993)). This Court may not grant a Rule 12(b)(6) motion merely because it may not believe the plaintiff's factual allegations. *Id*. Although this is a liberal standard of review, the plaintiff still must do more than merely assert bare legal conclusions. *Id.* Specifically, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quotations and emphasis omitted).

**II. Background Facts**

Herein, Roberto filed her initial complaint on May 31, 2016. In her complaint, Roberto named Kent State University "for declaratory and injunctive relief" and named Ramos, Crutchfield, Sewell, and Pringle in their individual capacities. Roberto claimed in the complaint that she had been the victim of retaliation by Defendants for her role in exposing false claims for payment made by the University to the United States

Department of Education.  On July 29, 2016, Defendants move to dismiss the complaint. In their motion, Defendants assert that Kent State University is immune from suit pursuant to the Eleventh Amendment.  Defendants also assert that the defendants sued in their individual capacities are not employers and therefore not subject to suit.  Prior to opposing the motion, Roberto sought leave to amend her complaint on August 29, 2016. Roberto asserted that the first amended complaint would 1) remove Kent State as a defendant; 2) add official capacity claims against the existing individual defendants; and 3) add Beverly Warren and Todd Diacon as defendants and assert claims against them in their official capacities.  On September 13, 2016, Roberto sought leave to amend a second time.  In that motion, Roberto sought to add more detailed allegations against Warren and Diacon and to add an invidual capacity claim against Diacon.  Roberto contends that these amendments eliminate any issues surrounding Eleventh Amendment immunity. The parties then completed the briefing on the motion to dismiss and the motions for leave.  The Court now resolves their arguments.

**III. Analysis**

It appears undisputed that Kent State must be dismissed as a defendant from this matter based upon Eleventh Amendment immunity.  As Roberto has not challenged this position, Kent State is hereby dismissed as a defendant as it is immune from suit.

The Court will first resolve whether the named defendants, managers and supervisors at Kent State University, are properly subject to suit in their individual capacities under the False Claims Act's anti-retaliation provision, 31 U.S.C. § 3730(h). "[T]he overwhelming majority of courts… have held that the current version of § 3730(h) does not create a cause of action against supervisors sued in their individual capacities."

3

*Brach v. Conflict Kinetics Corp.*, No. 1:16-CV-978, 2016 WL 7030435, at *4 (E.D. Va. Dec. 1, 2016) (citing *United States ex rel. Conroy v. Select Med. Corp.*, No. 312CV00051RLYDML, ––– F.Supp.3d ––––, ––––, 2016 WL 5661566, at *19 (S.D. Ind. Sept. 30, 2016); *United States v. Monaco Enters., Inc.*, No. 2:12–CV–0046–LRS, 2016 WL 3647872, at *10 (E.D. Wash. July 1, 2016); *Scott v. Bonnes*, 135 F.Supp.3d 906, 921 (S.D. Iowa 2015); *United States v. N. Am. Health Care, Inc.*, No. 14–CV–02401–WHO, 2015 WL 6871781, at *8 (N.D. Cal. Nov. 9, 2015); *United States v. A Plus Physicians Billing Serv., Inc.*, No. 13 C 7733, 2015 WL 4978686, at *5 (N.D. Ill. Aug. 20, 2015); *Calisesi ex rel. United States v. Hot Chalk, Inc.*, No. CV–13–01150–PHX–NVW, 2015 WL 1966463, at *15 (D. Ariz. May 1, 2015); *De–Chu Christopher Tang v. Vaxin, Inc.*, No. 2:13–CV–401–SLB, 2015 WL 1487063, at *6 (N.D. Ala. Mar. 31, 2015); *Lampenfeld v. Pyramid Healthcare, Inc.*, No. 3:14–CV–0283, 2015 WL 926154, at *5 (M.D. Pa. Mar. 4, 2015); *Frett v. Howard Univ.*, 24 F.Supp.3d 76, 86 (D.D.C. 2014); *United States ex rel. Fryberger v. Kiewit Pac. Co.*, 41 F.Supp.3d 796, 813–14 (N.D. Cal. 2014); *U.S. ex rel. Wuestenhoeffer v. Jefferson*, No. 4:10–CV–00012–DMB, 2014 WL 7409760, at *8 (N.D. Miss. Dec. 31, 2014); *Rangarajan v. Johns Hopkins Health Sys. Corp.*, No. WMN–12–1953, 2014 WL 6666308, at *6 (D. Md. Nov. 21, 2014); *U.S. ex rel. Black v. Am. Soc'y for Eng'g Educ.*, No. CIV.A. 12–1139, 2014 WL 1765337, at *6 (E.D. Pa. May 2, 2014); *Taylor v. N.Y. State Office for People with Developmental Disabilities*, No. 1:13–CV–740 NAM/CFH, 2014 WL 1202587, at *10 (N.D.N.Y. Mar. 24, 2014); *Monsour v. N.Y. State Office for People with Developmental Disabilities*, No. 1:13–CV–0336 TJM CFH, 2014 WL 975604, at *11 (N.D.N.Y. Mar. 12, 2014); *Perez–*

*Garcia v. Dominick*, No. 13 C 1357, 2014 WL 903114, at *5 (N.D. Ill. Mar. 7, 2014); *Wichansky v. Zowine*, No. CV–13–01208–PHX-DGC, 2014 WL 289924, at *3–5 (D. Ariz. Jan. 24, 2014); *Elkharwily v. Mayo Holding Co.*, 955 F.Supp.2d 988, 995 (D. Minn. 2013); *Russo v. Broncor, Inc.*, No. 13–cv–348–JPG–DGW, 2013 WL 7158040, at *6 (S.D. Ill. July 24, 2013); *U.S. ex rel. Mooney v. Americare, Inc.*, No. 06–CV–1806 FB VVP, 2013 WL 1346022, at *8 (E.D.N.Y. Apr. 3, 2013); *United States ex rel. Abou–Hussein v. Sci. Apps. Int'l Corp.*, No. 2:09–1858–RMG, 2012 WL 6892716, at *3 (D.S.C. May 3, 2012); *Howell v. Town of Ball*, No. 12–951, 2012 WL 6680364, at *2 (W. D La. Dec. 21, 2012); *Fisch v. New Heights Academy Charter Sch.*, No. 12–cv–2033, 2012 WL 4049959, at *4 (S.D.N.Y. Sept. 13, 2012); *Aryai v. Forfeiture Support Assocs.*, 25 F. Supp.3d 376, 385–87 (S.D.N.Y. 2012); *Mahony v. Universal Pediatric Servs., Inc.*, 753 F. Supp.2d 839, 846 (S.D. Iowa 2010), aff'd, 643 F.3d 1103 (8th Cir. 2011)).

This Court joins the growing majority of courts and concludes that the anti-retaliation provision of the False Claims Act does not permit a cause of action against individual supervisors.  As accurately asserted by Defendants, the court in *Aryai* provided a thorough and exhaustive review of the impact of the 2009 amendment to the False Claims Act.

> The foregoing considerations taken together, i.e., that 1) Congress's expressed purpose in amending section 3730(h) was to expand the class of potential plaintiffs, 2) Congress was silent on the issue of the class of potential defendants, that is, on the issue of individual liability, and failed to substitute "person" for "employer," and 3) Plaintiff's interpretation leads to an unavoidable contradiction within the statute, leads the Court to conclude that Congress deleted the relevant language not to provide for individual liability but as a grammatical necessity of expanding the statute's protections to cover a "contractor" or "agent" in addition to an "employee." Accordingly, the Court concludes that amended section 3730(h) does not provide a cause of action against individual defendants such as Morales.

5

*Aryai*, 25 F. Supp.3d at 387.  The Court adopts this logic and therefore finds that any claim against the defendants herein in their individual capacities cannot survive a motion to dismiss.

Roberto, however, also contends that her claims against Defendants in their official capacities should survive.  Roberto asserts that this issue was definitively answered by the Sixth Circuit in *United States ex rel. Wilkins v. Ohio*, 145 F.3d 1333 (6th Cir. 1998)(table)("*Wilkins II*").  In that matter, the Sixth Circuit affirmed the district court's decision in *Wilkins ex rel. United States v. Ohio*, 885 F. Supp. 10555 (S.D. Ohio 1995).  In so doing, the court noted that "Plaintiff was limited under the Eleventh Amendment to seeking prospective injunctive relief only against the individual defendants in their official capacities."  *Wilkins II*, *supra*, at *3.  The Circuit then concluded:

> After a careful study of the record, we conclude that each and every issue on appeal was fully considered by Judge Graham. We agree with the district court's analysis and conclusions on the issues presented and, since our writing in addition would not further clarify the issues, we adopt Judge Graham's opinion as our own.

*Id.*  In turn, a review of Judge Graham's opinion reveals that the issue at the heart of defendant's argument herein – whether individual supervisors in their official capacities are subject to suit under the anti-retaliation provision of the False Claims Act – was never raised or considered.  While Judge Graham allowed the matter to survive dismissal, it cannot be said that he decided the legal issue that is raised herein.  Accordingly, *Wilkins II*, which adopted Judge Graham's opinion, cannot be said to have definitively resolved this issue.

Roberto, however, also asserts that her official capacity claim should survive based upon *Ex parte Young*, 209 U.S. 123 (1908).  In *Young*, "the Supreme Court announced an exception to Eleventh Amendment immunity for claims for injunctive relief against individual state officials in their official capacities. In order to qualify under *Ex parte Young*, such an action must seek prospective relief to end a continuing violation of federal law."  *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002).  "Put another way, *Ex parte Young* provides a path around sovereign immunity if the plaintiff already has a cause of action from somewhere else." *Michigan Corr. Org. v. Michigan Dep't of Corr.*, 774 F.3d 895, 905 (6th Cir. 2014).  As detailed above, Roberto does *not* have a cause of action against the individual supervisors and managers.  Accordingly, she has no basis to invoke *Ex parte Young* and avoid the application of sovereign immunity.  In other words, were this Court to take away any consideration of the defense of sovereign immunity, dismissal would still be appropriate because the False Claim Act's anti-retaliation provision does not apply to individual supervisors – instead, it applies only to employers.  Accordingly, Roberto's official capacity claims also fail as a matter of law.

### IV. Conclusion

Defendants' motion to dismiss is GRANTED.  Roberto's motions to amend her complaint are denied as futile.  The proposed amendments would still result in dismissal of the then-amended complaint.

IT IS SO ORDERED.

March 28, 2017                                           ____/s/ Judge John R. Adams_____
Date                                                                    JUDGE JOHN R. ADAMS
                                                                              UNITED STATES DISTRICT COURT